UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKE JOHANNS, Secretary of the Department of Agriculture, 1400 INDEPENDENCE AVE., S.W. WASHINGTON, DC<br>Plaintiff,<br><br>vs.<br><br>OLA MAE LEFLORE,<br><br>Defendant. | CASE NUMBER 1:06CV00241<br>JUDGE: Paul L. Friedman<br>DECK TYPE: General Civil<br>DATE STAMP: 02/10/2006 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. Introduction

1. The Secretary of the United States Department of Agriculture ("USDA") brings this action for declaratory and injunctive relief from a fraudulently obtained award made under the Consent Decree entered by Judge Paul L. Friedman in two related class actions, Pigford v. Glickman, Civ. No. 97-1978, and Brewington v. Glickman, Civ. No. 98-1693.

### II. Jurisdiction and Venue

2. This action arises under the Consent Decree described above, Federal Rule of Civil Procedure 60(b), and this Court's inherent power to vacate judgments on proof that a fraud upon the court has been committed. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1345. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2).

### III. The Parties

3. The plaintiff is the Secretary of the United States Department of Agriculture.

4. The defendant is a claimant for a cash award under the Consent Decree.

## IV. Background

5. Pigford v. Glickman, Civ. No. 97-1978, was a suit by African-American farmers who alleged that the Farm Services Agency ("FSA") and its predecessor agencies, all components of the USDA, had not acted on their administrative claims of race discrimination in USDA's farm credit and non-credit programs. Brewington v. Glickman, Civ. No. 98-1693, was an essentially identical action, but covered a period that began after that described by the Pigford action.

6. Under the Consent Decree approved by Judge Friedman, the Pigford and Brewington actions were consolidated and both suits were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The Consent Decree also certified an opt-out class of plaintiffs that consisted of individuals who contended that they were the victims of race discrimination in USDA farm credit and non-credit benefit programs during the period January 1, 1981 through December 31, 1996.

7. Under the Pigford Consent Decree, all those class members who did not opt out of the settlement were required to elect between two separate and mutually exclusive alternative dispute resolution "Tracks" under which class members' claims of discrimination would be decided on a case-by-case basis.

8. Under Track A, the relevant track for this action, class members made claims by completing a several-page Claim Sheet and Election Form that called for narrative answers to a series of questions, and that allowed claimants to submit any additional materials of their choice. Track A was designed to be a highly expedited, paper-only procedure with no discovery.

9. One criterion for both class membership and claims under Track A was that an applicant demonstrate by one of four methods that he or she had made a complaint of credit discrimination prior to July 1, 1999. One method, relevant to this action, was submission of a

form declaration by a non-relative, in which the declarant testified to having witnessed the claimant complain to a USDA official about the discrimination on which the claim was based.

10. Following a written response by USDA to a claim submitted under Track A, an "Adjudicator" decided the claim exclusively on the basis of the parties' written submissions.

11. Appeal of the Adjudicator's decision was accomplished by petition to the Consent Decree "Monitor" for an order directing the Adjudicator to reexamine a decision. If the Monitor declined to order reexamination, the Adjudicator's decision was final.

12. Track A claimants who proved by "substantial evidence" that they were the victims of racial discrimination in a credit transaction were entitled, inter alia, to (1) forgiveness of certain USDA debts; (2) a lump-sum cash payment of $50,000; and (3) certain payments made directly on the claimant's behalf to the Internal Revenue Service.

### V. Statement of Claim

#### A. Defendant's Fraudulent Track A Submission

13. Defendant applied for membership in the Pigford class and elected to have her claim decided under Track A.

14. Defendant submitted a Claim Sheet and Election Form in which she asserted that in October 1986 she was denied a $60,000 operating loan to support her farm in Collins, Mississippi, while a similarly situated white farmer in her county had obtained such a loan.

15. To satisfy the Consent Decree requirement that she prove that she had complained to a qualifying official about the alleged discrimination that was the subject of her claim, defendant submitted a declaration by Dorothy Pugh.

16. In her declaration, Ms. Pugh testified that she had first-hand knowledge that during a meeting in 1986 in Collins, Mississippi, defendant complained to a USDA official named John Freeman that she had been the victim of credit discrimination, and that Mr. Freeman told defendant that he would investigate her claim.

17. In a response filed with the Adjudicator to defendant's claim, the USDA indicated that it had no records at that time concerning defendant's loan application. The USDA noted, however, that John Freeman had never been employed by the USDA in Mississippi.

18. The Adjudicator approved defendant's claim. The USDA petitioned the Monitor for review of the Adjudicator's decision. The Monitor upheld the Adjudicator's decision.

19. Payment has not been made on defendant's claim.

### B. Investigation of Plaintiff's Fraudulent Track A Submission

20. In the process of investigating allegations of a conspiracy to submit fraudulent claims under the Consent Decree, the FBI discovered that defendant may have filed a fraudulent claim.

21. An FBI Special Agent contacted Dorothy Pugh during the course of the above-referenced investigation. Ms. Pugh provided the FBI with a signed statement in which she stated that, contrary to her prior sworn declaration, Ms. Pugh had never been to Collins, Mississippi. Ms. Pugh further stated that she did not know anyone by the name of John Freeman. Ms. Pugh further stated that she did not witness any conversation between defendant and John Freeman.

22. While cooperating with an FBI Special Agent, Ms. Pugh contacted defendant by telephone in February 2001. Unbeknownst to defendant, Ms. Pugh consented to have the call recorded by the FBI. During the conversation, defendant admitted that Ms. Pugh did not have first-hand knowledge of any alleged discrimination suffered by defendant. In particular,

defendant admitted that Ms. Pugh had not witnessed any conversation that defendant had alleged to have had with a USDA official.

## COUNT I
### (FRAUD UPON THE COURT)

23. Plaintiff repeats and realleges paragraphs 1-22, as set forth above.

24. Defendant obtained an award under Track A of the Consent Decree by fraudulent means, and thus perpetrated a fraud upon this Court.

**WHEREFORE**, the plaintiff prays that this Court grant the following relief:

1. Declare that defendant has committed a fraud upon the Court;

2. Relieve plaintiff from defendant's fraudulently obtained award;

3. Award the plaintiff the costs of this action;

4. Enjoin the defendant from filing a fraudulent claim in the future;

5. Grant the plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH WAINSTEIN
United States Attorney

MICHAEL SITCOV
Assistant Branch Director

JEFFREY D. KAHN (MI Bar # P65270)
U.S. Department of Justice, Civil Division
Federal Programs Branch, Room 7122
20 Massachusetts Avenue N.W.
P.O. Box 883 Ben Franklin Station

Washington D.C. 20044
Tel.: (202) 514-3716; Fax: (202) 616-8740
jeffrey.kahn@usdoj.gov

*Attorneys for Plaintiff*