UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MIKE JOHANNS, Secretary of the Department of Agriculture, | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. A. No. 1:06-CV-00241-PLF |
| vs. | ) ) ) | |
| OLA MAE LEFLORE, | ) ) ) | |
| Defendant. | ) ) | |

## GLOBAL SETTLEMENT AGREEMENT

IT IS HEREBY AGREED by and between Ola Mae LeFlore ("Defendant") and Mike Johanns, Secretary of the Department of Agriculture ("Plaintiff") as follows:

1. Defendant Ola Mae LeFlore and Plaintiff Mike Johanns do hereby settle and compromise all claims and issues between them that arise out of (1) *Johanns v. LeFlore*, Civ. A. No. 1:06-CV-00241-PLF (D.D.C.), and (2) Claim # 12534, filed under the Consent Decree entered in *Pigford v. Johanns*, Civ. A. No. 97-1978-PLF (D.D.C.), and *Brewington v. Johanns*, 98-1693-PLF (D.D.C.).

2. In consideration for the promises of Defendant set forth in paragraph 3 of this Global Settlement Agreement, Plaintiff agrees as follows:

   a. Pursuant to Fed. R. Civ. P. 41(a)(i), plaintiff will file a notice of dismissal in *Johanns v. LeFlore*, Civ. A. No. 1:06-CV-00241-PLF on or before April 3, 2006;

   b. Plaintiff will provide Defendant, through her attorney, with a letter from the United States Attorney's Office for the Eastern District of Michigan, which states

– 1 –

that that office will not prosecute Plaintiff for submitting a false claim to the United States (18 U.S.C. § 287), or for any other federal crime (other than tax offenses) that Plaintiff may have committed in the Eastern District of Michigan by submitting and pursuing the claim referenced in paragraph 1, above.

3. In consideration for the promises of the Plaintiff set forth in paragraph 2, above, of this Global Settlement Agreement, Defendant agrees as follows:

   a. Defendant hereby forever waives and releases all past, present, and future claims for compensation or benefits under the Consent Decree referenced in paragraph 1, above.

   b. Defendant will submit a letter to the Claims Facilitator directing that her claim, No. 12534, be withdrawn. Defendant will provide Plaintiff with a copy of that letter simultaneously with the provision of the letter described in paragraph 2(b), above, to Defendant.

4. Plaintiff and Defendant agree to bear their own attorney's fees, costs, and expenses.

5. The parties acknowledge that they entered into this Global Settlement Agreement freely and voluntarily and that, other than as provided for herein, no promise or threat of any kind whatsoever has been made by either party to induce the other to enter into this Settlement Agreement.

6. The parties acknowledge that there is adequate consideration for each and every promise contained in this Global Settlement Agreement, and that this writing contains the entire Global Settlement Agreement between the parties, and that any modification to the Global Settlement Agreement must be made in writing and signed by the parties.

7. The parties acknowledge that this Global Settlement Agreement has been read, reviewed and understood in its entirety by the parties and their counsel, and that the Plaintiff and Defendant have agreed to all of the contents of this Global Settlement Agreement.

8. This Global Settlement Agreement shall be effective once it has been signed by both parties. The effective date of this Agreement is the last date of the signatures below.

Dated: 4/3/06

*[signature]*
MICHAEL SITCOV
JEFFREY D. KAHN
U.S. Department of Justice
20 Massachusetts Ave, NW
Washington, D.C. 20530
*Counsel for Plaintiff*

Dated: 3-29-06

*[signature: Ola Mae LeFlore]*
OLA MAE LEFLORE
*Defendant*

Dated: 4/3/06

*[signature]*
DAVID J. FRANTZ, ESQ.
1818 N Street N.W., Suite 700
Washington D.C. 20036
*Counsel for Defendant*